IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EUGENE WHITE                                                                           PLAINTIFF

v.                       Civil No. 05-1062

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                               DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

      The plaintiff, Eugene White, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his application for disability insurance benefits (hereinafter "DIB"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*.

      Plaintiff was 57 years of age at the time of the administrative hearing and has a twelfth grade education (T. 198, 212, 89). He has past relevant work as a school bus driver, a supply sergeant and a guard (T. 198, 68, 203, 58). Plaintiff alleges an onset date of December 1, 2001, as the onset date for his disability (T. 43), due to: degenerative changes/bulging discs in the lumbar spine; glaucoma; tendinitis; hiatal hernia; history of heel spur; bones spurs; joint pain/arthritis; irregular heartbeat; gastroesophageal reflux disease (hereinafter "GERD"); extremity numbness/tingling; and, reduced range of motion and pain in the shoulders, bilaterally, more severe on the right. He filed his application on July 3, 2003 (T. 43-45).

      The Social Security Administration denied plaintiff's application initially and on reconsideration. He then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on February 1, 2005 (T. 197-222). The ALJ

rendered an unfavorable decision on April 8, 2005 (T. 11-15). By Order entered May 25, 2005, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 3-5), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. Both parties have filed appeal briefs (Doc. #5 & 6). Accordingly, this matter is now ready for consideration.

**Applicable Law:**

The ALJ evaluated the plaintiff's claim according to the five-step sequential evaluation analysis prescribed by the social security regulations. See *20 C.F.R. §§ 404.1520(a)-(f);* see also *Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987)* (describing five-step analysis). At the first step, the ALJ found the plaintiff had not engaged in substantial gainful activity since his alleged onset date (T. 14). In the next two steps, the ALJ determined that plaintiff has impairments considered "severe", in the form of a history of treatment for heel spurs, hiatal hernia, tendinitis and lumbar/wrist pain (T. 15), but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 ("Listing of Impairments"). The ALJ did not make a specific credibility finding with respect to the plaintiff's subjective complaints/nonexertional limitations, but it is apparent from the decision that he finds plaintiff's allegations not totally credible (T. 13-14). Next, the ALJ determined that plaintiff retains the residual functional capacity (hereinafter "RFC"), to lift/carry up to 10 pounds; stand/walk two (2) hours in an eight hour; and, sit six (6) hours in an eight hour day. The ALJ also found the plaintiff suffers from mild to moderate pain (T. 14). In other words, the plaintiff was found to have the capacity to perform sedentary work. According to the ALJ, based a hypothetical question posed to a vocational expert (hereinafter "VE"), the

plaintiff does not remain capable of performing his past relevant work (hereinafter "PRW), but retains skills from his job as a supply sergeant that are transferable (T. 15). Thus, the ALJ determined that there is a significant number of jobs in the economy which the plaintiff remains capable of performing, namely: benefit clerk; referral clerk; and lost card clerk (T. 15). Finally, the plaintiff was found "not disabled" at any time through the date of the decision (T. 15).

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See *Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir.2000)*. Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See *Craig v. Apfel, 212 F.3d 433, 436 (8th Cir.2000)*. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, see *id.*, or because we would have decided the case differently. See *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993)*.

To establish entitlement to benefits, the plaintiff must show that he had been unable to engage in any substantial gainful activity by reason of a medically determinable impairment which had lasted or could have been expected to result in death or last for not less than 12 consecutive months. See *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*.

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect

relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984).

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir.1987). The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, 783 F.2d at 130 (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, 783 F.2d at 131 (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

Residual functional capacity is what a plaintiff can do despite his limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of his limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995);* 20 C.F.R. §§416.945(a).

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e).*

Although the ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence," *Roberts v. Apfel, 222 F.3d 466, 469 (8th Cir.2000)*, the United States Court of Appeals for the Eighth Circuit has also stated that a "claimant's residual functional capacity is a medical question," *Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir.2001)*. "[S]ome medical evidence," *Dykes v. Apfel, 223 F.3d 865, 867 (8th Cir.2000)* (per curiam), must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's "ability to function in the workplace[.]" *Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir.2000).* Accordingly, in evaluating a plaintiff's RFC, the ALJ is not limited to considering medical evidence, but is required to consider at least some supporting evidence from a professional. *See 20 C.F.R. § 404.1545(c); Baldwin, 349 F.3d at 556* (internal citations omitted). Here, the ALJ did not do so.

-5-

When a plaintiff suffers from exertional and nonexertional impairments, as alleged herein, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988).* If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id. at 349-50.* The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Id. at 350.* See also, *Holz v. Apfel, 191 F.3d 945, 947 (8th Cir.1999); Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir.1997); Lucy v. Chater, 113 F.3d 905, 908 (8th Cir.1997).*

**Discussion:**

Overall, we conclude that the record does not contain substantial evidence to support the ALJ's decision as to the plaintiff's RFC and his ability to perform work which exists in significant numbers in the economy. Although this case proceeded to step five of the sequential

evaluation proceeding, the issue of transferability of skills from plaintiff's PRW as a supply sergeant, is in question.

The regulations provide:

(4) Transferability of skills for individuals of advanced age. If you are of advanced age (age 55 or older),[1] and you have a severe impairment(s) that limits you to sedentary or light work, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work (or you have recently completed education which provides for direct entry into skilled work) that you can do despite your impairment(s). We will decide if you have transferable skills as follows. If you are of advanced age and you have a severe impairment(s) that limits you to no more than sedentary work, we will find that you have skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry. (See § 404.1567(a) and § 201.00(f) of appendix 2.)

*20 C.F.R. § 404.1568 (d)(4)*.

And, further:

Work experience at its highest level of complexity was (as defined in the regulations) skilled, semiskilled, unskilled, or none. Where the individual's past relevant work included one or more skilled or semiskilled jobs and transferability of skills is material, the finding of fact requires **identification of the work skills**, examples of specific skilled or semiskilled occupations within the person's RFC to which he or she can transfer skills (if any), and a statement of the incidence of such jobs in the region in which the person lives or in several regions of the country.

*Social Security Ruling 83-11*. (emphasis supplied) The undersigned concludes that the ALJ failed to adequately comply with *SSR 83-11*.

---

[1] As stated previously, the plaintiff was 57 years of age at the time of the administrative hearing (T. 198).

AO72A
(Rev. 8/82)

Specifically, the court cannot accurately conduct a *de novo* review of this matter, particularly with respect to this issue, because the administrative record reflecting the colloquy that took place between the ALJ and the VE, is riddled with notations of "[inaudible]". In the six (6) pages of testimonial exchange between the ALJ and the VE, there are 27 instances wherein the transcriptionist was not able to understand either the ALJ's or the VE's testimony (T. 215-221). Certain of those instances occurred in critical questioning.

The ALJ specified in his hypothetical question to the VE, that plaintiff retained the RFC to perform sedentary work, with mild to moderate pain (T. 219). In response, the VE testified that the plaintiff, with a transfer of skills from his PRW as a supply sergeant, could work as a clerk, as noted above. However, the testimony of a VE in response to a hypothetical question which does not precisely state, to the expert, the plaintiff's true condition, *i.e.,* in this case, an RFC evidentially supported by substantial evidence, cannot be accepted as such. *Douglas v. Bowen, 836 F.2d 392, 396 (8th Cir.1987).* Accordingly, upon remand, the parties are directed to take every precaution to obtain an accurate and audible record in order that, if necessary, this court is able to properly consider such critical testimony.

**Conclusion:**

Accordingly, the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner based upon the aforementioned reasons. The Court recognizes that the ALJ's decision may be the same after proper analysis on remand, but proper analysis is required. *Groeper v. Sullivan, 932 F.2d at 1239.*

AO72A
(Rev. 8/82)

ENTERED this 19th day of June, 2006.

    /s/ Bobby E. Shepherd
   HONORABLE BOBBY E. SHEPHERD
   UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)